**In re Howard Covode DAVIS a/k/a Howard C. Davis and Lavisa L. Davis, Debtors.**

**COMMONWEALTH OF PENNA. SCHOOL EMPLOYES' RETIREMENT FUND, Plaintiff,**

v.

**Howard C. DAVIS and Lavisa L., h/w and Margaret Graham, Trustee, Defendants.**

**Bankruptcy No. 80–03378G. Adv. No. 81–0366G.**

United States Bankruptcy Court, E. D. Pennsylvania.

June 12, 1981.

Irvin B. Fineman, Philadelphia, Pa., for plaintiff, Commonwealth of Penna. School Employes' Retirement Fund.

Walton B. Yoder, Jr., Souderton, Pa., for debtors, Howard Covode Davis a/k/a Howard C. Davis and Lavisa L. Davis.

Margaret Graham, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

■ The issue before us is whether the debtors' failure to make payments under their chapter 13 plan and failure to make the current mortgage payments outside of that plan is sufficient "cause" to entitle the mortgagee to relief from the automatic stay provisions of § 362(a) of the Bankruptcy Code ("the Code"). We conclude that, where the debtors' delay in beginning those payments is excusable, that failure alone is not sufficient "cause" for lifting the stay.

The facts of the instant case are as follows:[1] On December 30, 1977, Howard C. Davis and Lavisa L. Davis ("the debtors") entered into a mortgage agreement with the Commonwealth of Pennsylvania School Employes' Retirement Fund ("the Retirement Fund") by which the debtors became indebted to the Retirement Fund for the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

principal sum of $33,000. The debtors defaulted on the mortgage beginning in October, 1980, whereupon the Retirement Fund instituted foreclosure proceedings which were stayed on December 19, 1980, by the filing by the debtors of a petition for an adjustment of their debts under chapter 13 of the Code.

The debtors subsequently failed to make the payments provided for in their plan to the chapter 13 standing trustee and also failed to make the current monthly mortgage payments outside of the plan to the Retirement Fund, whereupon the Retirement Fund filed the instant complaint for relief from the stay. Section 362(d) of the Code provides the standard for granting relief from the stay and states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a), of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). At the trial of the instant complaint, the Retirement Fund presented no evidence on the issue of whether the debtors have any equity in the property nor did it assert that its interest in the property was not adequately protected. Instead, the Retirement Fund only offered evidence of the total amount of the debt owed to it by the debtors ($32,284.50) and the admissions of the debtors that they have not made the required payments under the plan and mortgage payments. The Retirement Fund asserts that the failure of the debtors to make those payments is sufficient "cause" for granting relief from the stay under § 362(d)(1).

The debtors in response have offered several reasons to excuse their failure to begin making payments under their chapter 13 plan. Firstly, the debtors assert that they could not make a payment in January of 1981 because the husband debtor's employer was still making deductions from his salary on account of certain credit union loans. It was not until January 30, 1981, that counsel for the debtors was able to stop those deductions. Secondly, the debtors contend that they could not make the payments for February, March and April because the husband debtor works for the local transportation company and anticipated a strike which did eventually occur from March 15 to April 3, 1981. And, lastly, the debtors testified at the hearing that they would be submitting an amended plan to cover the new arrearages due to the Retirement Fund. The amended plan was subsequently filed on May 15, 1981, and the first payments thereunder were received by the chapter 13 standing trustee on June 5 and June 8, 1981.

 As a result of the foregoing facts we conclude that the failure of the debtors to make the payments offered in their plan is excusable and does not, standing alone, constitute "cause" to modify the automatic stay. We agree that, in certain circumstances, failure to make payments required by the chapter 13 plan may be sufficient to establish cause for modifying the stay. See *In re Anderson*, 9 B.R. 248 (E.D.Pa.1981) in which the bankruptcy court held that "cause" had been established where the debtor had failed to make any mortgage payments since the inception of the mortgage (a period of over 16 months). In the case at bench the debtors have only failed to make the required payments under the chapter 13 plan for a period of five months and have failed to pay the mortgagee (the Retirement Fund) for a period of eight months. We do not think that this is such an extensive period (in light of the attendant circumstances) as to constitute "cause" without any further reason for modifying the stay.