**In the Matter of Pamela S. ESTES, aka Pamela S. Deisher, Debtor.**

**Pamela S. ESTES, Plaintiff,**

**v.**

**EATON NATIONAL BANK, Defendant.**

**Bankruptcy No. 3–80–03222.
Adv. No. 3–80–0721.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Aug. 18, 1981.

A. J. Wagner, Kettering, Ohio, for plaintiff.

Keith R. Hall, Dayton, Ohio, for defendant.

Herbert Ernst, Jr., Dayton, Ohio, trustee.

CHARLES A. ANDERSON, Bankruptcy Judge.

## PRELIMINARY STATEMENT

This matter is before the Court for disposition of the plaintiff-debtor's complaint, filed as a motion on February 19, 1981 and amended on February 26, 1981, to determine whether defendant has violated 11 U.S.C. Section 362 by repossessing collateral in the debtor's possession prior to debtor's discharge, and/or Sections 1309.47(C) and .50 of the Ohio Revised Code by the subsequent sale of the collateral without notice to debtor. The Court held a pretrial conference on February 6, 1981, at which time a stipulation of facts was entered, and each of the parties subsequently submitted pretrial memoranda. The following decision is based upon the pretrial order, memoranda, and the record.

## FINDINGS OF FACT

The debtor filed her Petition in Bankruptcy on October 14, 1980. The Petition listed defendant Eaton National Bank as a creditor having a perfected security interest in debtor's 1979 Pontiac Trans AM automobile. The original cost of the car was eight thousand five hundred and seventy-nine dollars ($8579.00). At the time of the Petition filing, debtor was in arrearage two (2) monthly installment payments, and the total balance due was five thousand eight hundred, seventy-one and 30/100 dollars ($5871.30).

At 10:30 a. m. on December 10, 1980, the Trustee in Bankruptcy filed a Notice of Abandonment in which the Trustee abandoned the car on the ground that defendant's interest in the car exceeded the car's value. Citing the National Automobile Dealers Association Auto Book, the Notice listed the retail fair market value of the car as six thousand three hundred and fifty dollars ($6350.00) and wholesale as four thousand nine hundred dollars ($4900.00). The Trustee orally advised defendant the Trustee no longer had any interest in the car and that defendant was "free to do as it pleased."

Shortly before noon on December 10, 1980, employees of defendant went to debtor's residence to repossess the car. The parties orally agreed to meet after lunch because debtor indicated that she would try to gather funds during the employees' lunch hour to pay the arrearage, at this point in time five (5) monthly installment payments, and interest, past due. The car keys were given voluntarily by debtor to the employees because of concern that debtor would "hide" the car. The employees did not return and the car was not returned to debtor.

On December 30, 1980, debtor was granted her final discharge by this Court. On January 9, 1981, defendant proceeded to sell the car without notice to debtor. The car was sold to a local car dealer for four thousand nine hundred dollars ($4900.00).

## DECISION AND ORDER

The instant facts present a private sale of debtor's car repossessed by defendant-secured creditor pursuant to defendant's perfected security interest. It is not in issue that debtor was in default beginning in August of 1980 and that debtor's default was not cured. See O.R.C. §§ 1301.-14 and 1302.14. It is also agreed that debtor's car constitutes a consumer good for purposes of Chapter 1309 of the Ohio Revised Code. O.R.C. § 1309.07(A). O.R.C. § 1309.50 provides an automatic minimum penalty for a sale of repossessed consumer goods which is conducted in violation of O.R.C. §§ 1309.44 through .50, inclusive. The initial issue before the Court is whether the instant sale violated any of the requirements of, specifically, O.R.C. § 1309.47.

This Court finds that defendant has violated the notice requirement of O.R.C. § 1309.47. O.R.C. § 1309.47 provides that a

secured party shall give a debtor "reasonable notification of the time after which any private . . . sale is to be made. . . ." O.R.C. § 1309.47(A) further incorporates by reference the requirements of O.R.C. §§ 1302.01 through .98. O.R.C. § 1302.80(A) and (B) authorize, in the instant facts, a private sale subject to the general standards of commercial reasonableness and good faith. See also O.R.C. § 1301.09. O.R.C. § 1302.80(C), however, also specifies that "reasonable notification" be given to debtor of the secured party's intention to sell. Defendant has failed to aver that any kind of notice, other than the act of repossession itself, was ever given to satisfy the requirements of O.R.C. §§ 1302.80(C) or 1309.47(C). Although notice could arguably be implied in the act of repossession, this Court finds that, in the instant case, such a finding would be unwarranted and contrary to the spirit of O.R.C. §§ 1302.80(C) and 1309.47(C); repossession is not "given" to a debtor, especially when actual notice could have been easily effected. The purpose of the statute to enable a debtor to monitor the sale or redeem can only be accomplished by receipt of such a notice. See O.R.C. 1309.49 and *In Re Frye*, 9 UCC Rep.Ser. 913.

It is fundamental that the abandonment by the Trustee did not resolve the rights and relationship between the Debtor and the Bank. Since the Debtor had title and possession the property is deemed abandoned to the Debtor. See 11 U.S.C. § 554 and H.Rept.No. 95–595, at page 277, U.S. Code Cong. & Admin.News 1978, 5787; Bkr-L Ed, Legislative History §§ 82, 17, which has adopted traditional case law. See *First National Bank v. Lasater*, (1905) 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408; *Brown v. O'Keefe*, 300 U.S. 598, 57 S.Ct. 543, 81 L.Ed. 827.

This Court therefore finds that, since disposition of the collateral has occurred, debtor is entitled to the automatic minimum penalty provided in O.R.C. § 1309.50(A).

Plaintiff also requests a finding of contempt because of defendant's violation of the automatic stay of 11 U.S.C. § 362(a)(5) by defendant's repossession of debtor's car prior to debtor's discharge and without Court-granted relief from the automatic stay. This Court finds that Defendant has committed a technical violation of 11 U.S.C. § 362(a)(5). Although the trustee properly abandoned the car in accordance with 11 U.S.C. § 544(a) and informed defendant that the car was no longer property of the estate, and thus not subject to the automatic stay of 11 U.S.C. § 362(a)(3) or (4), the debtor still was vested with title and possession and such interest was still protected by the automatic stay of 11 U.S.C. § 362(a)(5) until discharge was granted on December 31, 1980. 11 U.S.C. § 362(c)(2)(C); House Report No. 95–595, 95th Cong., 1st Sess. (1977) 343; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 52; *In Re Cruseturner*, 8 B.R. 581, 7 B.C.D. 235 (Bkrtcy., D.Utah 1981). Thus, despite the trustee's earlier act of abandonment, defendant's act of repossession prior to discharge violated the automatic stay of 11 U.S.C. § 362(a)(5).

This Court, however, finds that, given the facts of the case, the remedy of contempt is inappropriate. Defendant repossessed the car only after abandonment by the trustee. The actual sale did not take place until after the discharge, during which time repossession would have been proper. 11 U.S.C. § 524. Furthermore, plaintiff was indisputably in default and made no effort to remedy defendant's violation of 11 U.S.C. § 362(a)(5) during the pendency of plaintiff's Petition in this Court. In addition, defendant has apparently acted in good faith, and has already been subjected the statutory mandated penalty for related conduct.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff is entitled to the automatic minimum penalty provided in O.R.C. § 1309.50(A).