In re Eugene D. (David) DURBEN, Debtor.

Bankruptcy No. 2–85–01101.

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 24, 1986.

Stephen A. Santangelo, Columbus, Ohio, for Associates Commercial Corp.

Mitchel D. Cohen, Columbus, Ohio, for debtor.

Frank M. Pees, Worthington, Ohio, Trustee.

## ORDER OVERRULING MOTION FOR RELIEF FROM STAY AND OVERRULING MOTION TO DISMISS

B.J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a motion seeking relief from stay filed by Associates Commercial Corporation ("Associates") and upon the trustee's motion to dismiss this case. The motions relate to the pending Chapter 13 case of the debtor, Eugene D. Durben, and were heard separately by the Court.

The debtor had a Chapter 13 plan confirmed by the Court on October 28, 1985. The terms of that plan called for payments of $261.00 per month to the trustee, payment of all allowed secured claims and a dividend of 20% to holders of allowed unsecured claims. On February 20, 1985 the debtor subsequently amended his plan by increasing his monthly payments to the trustee to $522.00.

The debtor is the owner of a 1973 Western Star tractor ("the Western") which he uses in his occupation as an over-the-road truck driver. At the time of confirmation, Associates was the holder of an allowed secured claim in the stipulated amount of $7,700.00, collateralized by a 1977 International Harvester tractor. In March of 1986 that vehicle was traded for the Western. Under the terms of the Court order authorizing that transfer, Associates' lien was transferred to the Western. Although the value of the Western is disputed, that value is in excess of Associates' remaining secured claim.

Subsequent to confirmation the debtor has paid $3,133.00 to the trustee pursuant to his plan. As of November 17, 1986, however, the plan has a default of $3,131.00 resulting from unanticipated mechanical breakdowns of the Western which necessitated expenses for repair and caused loss of income for the debtor while the tractor was unavailable for hauling use. At the time of both hearings, the debtor was ready and able to tender $522.00 to the trustee to decrease the amount in default in his plan. At the time of the hearing on the trustee's motion, the debtor indicated the ability to tender another $522.00 within the next few days to further decrease the plan's default.

Although material default in the terms of a confirmed Chapter 13 plan can

be cause for relief from the automatic stay and can be cause for the dismissal of a Chapter 13 case, the determination of materiality is a factual question within the discretion of the Court based upon its consideration of a particular Chapter 13 plan and upon the totality of circumstances affecting the debtor which caused the default. In the present case, testimony in both hearings established that since obtaining the Western, the debtor has been forced to expend approximately $8,500.00 in substantial and significant repairs to that vehicle. At the same time the debtor also incurred severe curtailment in his income earning capability because of resulting "downtime". The debtor has testified, however, that the tractor is now ready to be operated under an existing trucking lease.

Based upon the factual findings stated above, the Court finds that the existing default in the debtor's plan is not a material default as to Associates which would constitute "cause" for granting relief from stay within the meaning of 11 U.S.C. § 362(d)(1). Given the value of the Western, the maintenance and repair which the debtor has provided for that vehicle and the debtor's equity in the tractor, the Court finds that the value of Associates' interest in the tractor has not decreased because of the temporary interruption in payments into the debtor's plan. Indeed, the debtor's available income during the period of default was used to increase or maintain the value of that collateral. Therefore, adequate protection has also been afforded Associates. The immediate resumption of payments to Associates through the plan will continue that adequate protection.

With regard to the trustee's motion to dismiss this case, the Court further finds that the trustee has not shown an unexcused material default in the debtor's Chapter 13 plan within the meaning of 11 U.S.C. § 1307(c)(6) which is sufficient to dismiss this case.

Given the period of time in which the debtor's Chapter 13 plan has been in default, however, the Court orders the debtor to make two monthly plan payments of $522.00 each to the trustee on or before November 30, 1986. The Court further orders the debtor to make one and one-half (1½) monthly payments to the trustee each month until all arrearage in this plan is cured.

The debtor is further required to renew or maintain the existing insurance coverage carried by Associates on the Western or to obtain a comparable policy upon its expiration. Associates shall also be permitted to amend its proof of claim to include any funds it has expended for insurance on the Western since this case was filed on April 15, 1985.

Should the debtor fail to comply with any of the provisions of this order, Associates or the trustee may renew their respective motions.

IT IS SO ORDERED.