**In re Gregory Carl NICHOLSON, Sr. Debtor.**

**Bankruptcy No. 86 B 2197 G.**

United States Bankruptcy Court, D. Colorado.

Feb. 19, 1987.

Milnor H. Senior, III, Denver, Colo., for the debtor.

Cynthia T. Kennedy and James C. Smittkamp, of Franscona, McClow and Joiner, Boulder, Colo., for Beneficial Mortg. Co. of Colorado.

## OPINION AND ORDER

CHARLES E. MATHESON, Bankruptcy Judge.

This matter was presented to the Court on the motion of the Debtor herein pursuant to which the Debtor requested that the Court determine that the automatic stay provided for by 11 U.S.C. § 362 was applicable to stay the pending foreclosure action of Beneficial Mortgage Co. of Colorado ("Beneficial"). The Court ruled that the stay did not apply. Thereafter the Court, *sua sponte*, set the matter for rehearing and now enters its opinion and order after rehearing.

The facts reflect that the Debtor filed a Chapter 13 proceeding in this Court on March 17, 1986, and a Chapter 13 Plan was confirmed by order of the Court dated June 26, 1986. Beneficial was scheduled as a secured creditor and held a mortgage on the Debtor's principal residence. At the time the case was filed, the Debtor was in default in the amount of $5,435.00 on his payments to Beneficial. Under the plan the Debtor agreed to cure the default by paying, over a 24–month period, the amount in default capitalized at 10%. The Debtor further agreed to make the regular payments to Beneficial on a monthly basis outside the plan.

Following confirmation of the plan, the Debtor commenced making his payments under the plan and to Beneficial. However, the Debtor was unable to continue making payments on a regular basis and on November 12, 1986, Beneficial wrote the Debtor advising the Debtor of defaults. Beneficial also made demand that the Debtor pay attorneys' fees in the amount of $898.00 which were incurred due to the filing of the Chapter 13 proceeding. When the Debtor failed to cure all deficiencies, Beneficial commenced forclosure proceedings without first filing an application with this Court seeking relief from the automatic stay. The Debtor, thereupon, filed the instant application seeking a determination that Beneficial was proceeding improperly by not first having obtained relief from stay.

The Debtor premises its argument on the provisions of 11 U.S.C. § 362(a)(5). That section states that a petition filed under the Bankruptcy Code operates as a stay of:

> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

In the alternative, the Debtor also relies on subparagraph (6) of § 362(a) which stays:

> (6) any act to collect, assess, or recover a claim against the debtor that arose be-

fore the commencement of the case under this title;

The stay provided by Section 362(a)(5) and (6) remains in effect in the Chapter 13 case until the earlier of the time the case is closed or is dismissed, or the time a discharge is granted. 11 U.S.C. § 362(c). In the Chapter 13 the discharge is not granted until such time as the Debtor has completed making payments under the plan. 11 U.S.C. § 1328.

■ It is clear that § 362(a)(5) and (6) apply both as to the debtor and to the debtor's post-petition property. Thus, if the trustee abandons property to the debtor, that property nonetheless is held by the debtor, protected by the provisions of § 362, and the holder of a deed of trust on the property which secures a pre-petition claim cannot, at least until the stay terminates according to § 362(c), foreclose such deed of trust without obtaining relief from stay. *In re Cruseturner,* 8 B.R. 581 (Bankr.D.Utah 1981); *Matter of Estes,* 15 B.R. 25 (Bankr.S.D.Ohio 1981); *In re Coronado,* 11 B.R. 8 (Bankr.D.Az.1981). The legislative history indicates that the purpose of § 362(a)(5) was to avoid the possibility of certain creditors receiving preferential treatment or seeking to circumvent the debtor's discharge. Sen.Rep. No. 989, 95th Cong., 2d Sess. (1978) P.50, U.S.Code Cong. & Admin.News 1978, p. 5787. On the other hand, it is clear from the language of the Code that § 362(a)(5) and (6) are only applicable to stay post-petition efforts to collect pre-petition obligations.

■ In the instant case, pursuant to the terms of the Debtor's plan, on the date of confirmation all of the property of the estate vested in the Debtor. This is a permissible provision pursuant to 11 U.S.C. § 1327(b). Further, as provided for in Section 1327(a):

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

Section 1327(c) also makes it clear that Beneficial retained its lien against the Debtor's property only pursuant to the terms of the plan because, except as provided in the plan, at confirmation the property of the estate vested in the Debtor free and clear of any claim or interest of any creditor provided for by the plan. Since by the terms of the plan the property of the estate vested in the Debtor on the date of confirmation, the stay provided by Section 362(a)(3) and (4) was no longer in effect. 11 U.S.C. § 362(c)(1).

■ This Court has previously recognized that once a plan is confirmed, and the property of the estate has vested in the debtor, the secured creditor's rights and interests are then defined strictly by the provisions of the plan. *In re Johnson,* 63 B.R. 550 (Bankr.D.Colo.1986). That holding is clearly in accordance with the explicit provisions of 11 U.S.C. § 1327(a). In other words, the plan itself has the effect of making a new agreement between the debtor and the creditor with a new obligation to be paid in the manner provided for by the terms of the plan. See, *Matter of Winterfeldt,* 28 B.R. 486 (Bankr.E.D.Wis.1983); *In re Tucker,* 35 B.R. 35 (Bankr.M.D.Tenn. 1983) and cases cited therein; *In re Hebert,* 61 B.R. 44 (Bankr.W.D.La.1986).

■ If the Debtor defaults post-confirmation in the performance of his obligations under his plan, the secured creditor's remedy is to foreclose the lien which the creditor was granted by the terms of the plan as security for the payments to be made as agreed under the plan. The foreclosure of the lien, under these circumstances, does not constitute an act by the creditor to enforce against property of the debtor a lien securing a claim that arose before the commencement of the Chapter 13 case, nor does it constitute an act to collect a pre-petition claim from the debtor within the meaning of 11 U.S.C. § 362(a)(5) and (6). It is, instead, enforcement of the new agreement evidenced by the plan. Thus, in the instant case, the stay provided by Section 362 was not applicable and Beneficial did not proceed in violation of the

stay by seeking to enforce the Debtor's payment obligations by the expedient of instituting its foreclosure proceedings due to the post-confirmation defaults by the Debtor.

■ The propriety of this view in this case is further buttressed by the express provisions of Chapter 13. Pursuant to the provisions of 11 U.S.C. § 1322(b)(2) and (5), a Chapter 13 plan may not modify the rights of a creditor holding a claim secured only by a mortgage on the debtor's principal residence except to cure pre-petition defaults within a reasonable time. The Debtor argues that, notwithstanding this explicit provision, Beneficial remained subject to the automatic stay and should have applied to this Court for relief from the stay at which time the Debtor would have been able, under 11 U.S.C. § 362(d), to provide "adequate protection" and further stay Beneficial's enforcement of its right to foreclose. The Debtor suggests that such adequate protection might have been provided by the Debtor making deferred payments of the post-petition defaults. However, to allow the Debtor to provide adequate protection in this manner is squarely contrary to the provisions of 11 U.S.C. § 1322(b)(2) and (5) since it would clearly modify the rights of the creditor contrary to those provisions. To accede to the Debtor's argument would place the secured creditor in the position of being potentially subjected to repeated post-petition defaults during the term of the plan, each to be cured by deferred payments, and perhaps being met with the argument that no post-petition payments need be made during the pendency of a plan if the creditor is adequately protected by an equity cushion in the property. The statute simply does not countenance such a result in this case.

■ The Debtor complains that Beneficial had improperly determined that a default had occurred and urges that this Court should be the forum to make that determination. The Court disagrees. In the instant case the Debtor has a readily available remedy in state court. Pursuant to the provisions of Rule 120 of the Colorado Rules of Civil Procedure, before Beneficial can proceed to a foreclosure sale a hearing must be held at which hearing the Court must determine that there was, in fact, an existence of a default or other act giving rise to a right to foreclose. Thus, at the 120 hearing the Debtor would have the opportunity to establish that he had made all payments required to be made pursuant to the terms of his plan and thereby avert the foreclosure. *Valley Development at Vail, Inc. v. Warder, County of Eagle*, 192 Colo. 316, 557 P.2d 1180 (1976). Further, the granting of the motion under Rule 120 is without prejudice to the right of any person to seek further injunctive relief in any court of competent jurisdiction. *Bakers Park Mining & Milling Company v. District Court*, 662 P.2d 483 (Colo.1983). Thus, in an appropriate case where the secured creditor is proceeding in violation of the terms of the confirmed Chapter 13 plan and there are no immediate remedies available to the Debtor, this Court has little doubt that it could entertain a motion and grant relief pursuant to 11 U.S.C. § 105 so as to enforce its order confirming the plan. However, in the instant case, there is no showing that the Debtor has attempted to avail himself of the remedies provided under the provisions of Colorado Rule of Civil Procedure 120, and no facts were alleged or introduced at the hearing herein to prove that Beneficial had sought to impermissibly avoid the impact of this Court's order confirming the Debtor's plan.

Based on the foregoing, it is the opinion of this Court that, in this case, 11 U.S.C. § 362 did not apply so as to bar Beneficial from exercising its rights as a secured creditor, as granted to it under the Debtor's Chapter 13 plan, when the Debtor committed post-confirmation defaults in making the payments required by the terms of the plan to be made to Beneficial.