**In re John Howard BROMAN and Renee Lucille Broman, Debtors.**

**MELLON FINANCIAL SERVICES CORPORATION # 9, Applicant,**

v.

**John Howard BROMAN and Renee Lucille Broman and the Standing Chapter 13 Trustee, Respondents.**

Bankruptcy No. 87 B 00205 J.

United States Bankruptcy Court, D. of Colorado.

Feb. 17, 1988.

Victor E. Loitz, Kevin H. Burke & Assoc., P.C., Denver, Colo., for Mellon Financial Services Corp. No. 9.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the *ex parte* Affidavit of Counsel in Support of Order Permitting Enforcement of State Law Rights Including Foreclosure filed by creditor Mellon Financial Services Corporation # 9 ("Mellon").

This Chapter 13 case was commenced January 8, 1987, and on March 26, 1987, the Court confirmed the Debtors' Chapter 13 Plan. That Plan provided that Mellon would be paid directly and not through the Standing Chapter 13 Trustee's office on a monthly basis. Mellon holds the first deed of trust on the Debtors' residence.

The within affidavit asserts that the Debtors are in arrears on the monthly payments to Mellon and that under the authority of *In re Nicholson,* 70 B.R. 398 (Bankr. Colo.1987), Mellon is entitled to foreclose on its security without seeking permission of this Court. However, the Affidavit also states that some public trustees require an order from the Bankruptcy Court before they will allow a foreclosure to begin or continue. Thus, the Affidavit requests that the Court enter an order declaring that Mellon may proceed with its proposed foreclosure.

■ *In re Nicholson, supra,* correctly holds that, after confirmation of a Chapter 13 Plan, 11 U.S.C. §§ 362(a)(3) and (4) no longer apply. 11 U.S.C. §§ 362(c)(1). It is also correct that 11 U.S.C. §§ 362(a)(5) and (6) do apply to the debtor and to the debtor's post-petition property. And *Nicholson* is also correct in stating that, once a plan is confirmed, the secured creditor's rights and interests are then defined strictly by the provisions of the plan.

■ However, just because the debtor's and creditor's rights and interests are defined by the confirmed plan does not, *ipso facto,* make the relationship a "new agreement "with "new obligations". *In re Nicholson, supra* at 400. Yet it is this "new agreement" upon which *Nicholson* relies to conclude that foreclosure by the creditor for a default in payments post-confirmation does not constitute an act by the creditor to enforce a lien against property of the debtor securing a claim that arose pre-petition, and that it does not constitute an act to collect a pre-petition claim from the debtor, both of which acts would be contrary to 11 U.S.C. § 362(a)(5) and (6).

In addition to the reasoning of Judge Hess in *In re McCollum,* 76 B.R. 797 (Bankr.Ore.1987) (which was cited with approval by the District Court in *In re Vanasen,* 81 B.R. 59 (D.C.Ore.1987)), where he points out in footnote No. 1 at p. 800 that there really is no new agreement, there are other factors pointing contrary to the result in *Nicholson, supra.*

11 U.S.C. §§ 362(a)(5) and (6) prohibit creditors' actions (absent obtaining relief from stay) against the debtor, or property of the debtor, on "claims that arose" pre-petition. 11 U.S.C. § 101(4) defines "claim" as a "right to payment . . . secured or unsecured." The creditor herein has a secured claim that arose pre-petition. The contract giving rise to its claim may be modified under the confirmed plan, but its "claim" nevertheless arose pre-petition. In fact, if the debtors do not successfully complete their plan, the creditor has the full panoply of rights and remedies it had pre-petition. Its claim does not arise out of the confirmed plan but obviously arose, and is rooted in, its pre-petition contract with the debtors.

■ This Court has held that a secured creditor is not entitled to relief from stay post-confirmation because each creditor, and the debtors, are bound by confirmed plans, and to grant one creditor relief from stay would be to prefer that creditor over all others contrary to 11 U.S.C. § 1327(a). *See, In re Garcia,* 42 B.R. 33 (Bankr.Colo. 1984), relying on *In re Richardson,* Bankr. Colo., unpub. Case No. 81B03417K, Oct. 29, 1981, written by Judge Moore, now a Judge on the 10th Cir. U.S. Court of Appeals. The only post-confirmation remedy available to a creditor, secured or unsecured is to seek dismissal of the case for substantial default under 11 U.S.C. § 1307(c)(6). To now say that a secured creditor, post-confirmation, can proceed with foreclosure upon default by the debtor, without even obtaining relief from stay, would fly in the face of 11 U.S.C. § 1327(a) to an even greater degree and would, in effect, declare that section a nullity.

With all due respect, I cannot follow the decision of my colleague Judge Matheson in the *Nicholson* case. I agree with the reasoning in the *McCollum* case and will continue to follow the long-standing precedent in this District of the *Richardson* case, and hold that 11 U.S.C. §§ 362(a)(5) and (6) do apply post-confirmation to creditors whose claims arose pre-petition, and that the only remedy for a debtor's default post-confirmation is to seek dismissal of the case under 11 U.S.C. § 1307.

Mellon, in this instance, must have had a precognition of this opinion because it simultaneously has filed an Application for Order Dismissing Bankruptcy Case and has proceeded under Local Rule 23. If there is a timely response to that Motion it will be set down for hearing in due course. If not, the Court will grant the Application to Dismiss. But as to the instant Affidavit, it is

ORDERED that the relief requested in the Affidavit of counsel herein is denied.