**In re Walter DAVIS and Jimmye Davis, Debtors.**

**Bankruptcy No. 88–26610–K.**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Nov. 21, 1989.

Philip F. Counce, Memphis, Tenn., for debtors.

David H. Jones, Memphis, Tenn., for Leader Federal.

George W. Emerson, Jr., Memphis, Tenn., Standing Chapter 13 Trustee.

SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW RE DEBTORS' MOTION TO AMEND PLAN TO CURE POSTCONFIRMATION DEFAULTS IN PAYMENTS SECURED BY PRINCIPAL RESIDENCE

DAVID S. KENNEDY, Chief Judge.

On November 17, 1989, this court made oral findings of fact and conclusions of law in open court in accordance with Bankr. Rule 7052 arising out of the motion of Walter and Jimmye Davis, the above-named debtors, seeking to amend their confirmed chapter 13 plan pursuant to § 1329 of the Bankruptcy Code to allow them an opportunity to cure a postconfirmation economic default in payments secured by their principal residence while maintaining their ongoing future monthly installment home mortgage payments. Leader Federal, the holder of the home mortgage, objected asserting primarily that such a request is statutorily prohibited by virtue of § 1322(b)(2) of the Bankruptcy Code.[1]

---

**1.** § 1322(b)(2) provides as follows:
"... the plan may—
"modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;"

Mr. and Mrs. Davis additionally assert that Leader Federal is secured not only by their principal residence, but also an assignment of rents in connection with the loan; and accord-

The following shall supplement this court's November 17, 1989 oral findings and conclusions: As the legislative history underlying Chapter 13 makes clear, if problems such as family illness, medical bills and layoff make execution of a confirmed plan impracticable, the Bankruptcy Code even permits a temporary *moratorium* of payments. H.Rep. No. 595, 95th Cong., 2d Sess. 125, reprinted in 1978 U.S.Code Cong. & Adm.News, 5787, 5963, 6086. Here, Mr. and Mrs. Davis do not seek a moratorium of payments or modifications of the terms of the subject deed of trust. They merely and only seek to amend their confirmed chapter 13 plan to allow for an opportunity to cure a postconfirmation economic default while maintaining ongoing contractual payments and fully recognizing the contractual rate of interest, maturity date, etc.

In *In re McCollum,* 76 B.R. 797 (Bankr. Ct.Or.1987), the home mortgagee objected to the debtor's proposed amended chapter 13 plan and moved for relief from the automatic stay. The Bankruptcy Court for the District of Oregon held that the debtor's amended chapter 13 plan calling for the curing of postconfirmation default in payments secured only by the chapter 13 debtor's principal residence did not violate § 1322(b)(2) and thus, approved the amended plan. Specifically, the *McCollum,* court stated at pp. 800–801 as follows:

"The starting point for the analysis is the goal of chapter 13 to rehabilitate the debtor while protecting the creditors' interests. To further that goal, § 1329 provides for modification of a plan after confirmation to take into account changed circumstances. See 11 U.S.C. 1329(a). The determination of whether the proposed modification should be approved is based upon the circumstances existing at the time of the proposed modification. H.R.Rep. No. 95–595, 95th

Cong., 1st Sess. 431 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Section 1329(b) requires that a modified plan met the requirements of §§ 1322(a), (b) and (c), and § 1325(a).

"Under § 1322(b)(5)[2] a plan may 'provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending * * * '. It could be argued that § 1322(b)(5) applies only to prepetition defaults. However, the statute is not specifically limited to prepetition defaults and in fact provides for curing of 'any defaults'.

"Nor does the inclusion of such a provision curing postconfirmation defaults in a plan constitute a modification of a creditor's rights in contravention of § 1322(b)(2). The term of the trust deed remain unchanged as to payment of future installments. All post-confirmation defaults must be cured. What may be a reasonable time to cure a default will depend upon the circumstances in an individual case. In no event may the period of time to cure the defaults continue beyond the length of the term of the plan.

"In view of the rehabilitative purpose of chapter 13, it is the court's opinion that §§ 1329, 1322(b)(2) and (5) permit the court to approve the modification of a plan to take into account post-confirmation defaults in payment to a creditor secured only by the debtor's residence. The court finds that the modified plan dated May 5, 1987 complies with the provisions of § 1322 and § 1325 and should be approved." See also, e.g., *In re Mannings,* 47 B.R. 318 (Bankr.Ct.N.D.Ill. 1985); *In re Canipe,* 20 B.R. 81 (Bankr. Ct.W.D.N.C.1982); *In re Simpkins,* 16 B.R. 956 (Bankr.E.D.Tenn.1982). Con-

ingly, they contend that Leader Federal's rights are subject to modification. See, e.g., *In re Hill,* Civil Action No. 89–1049 (D.C.W.D.Tenn.E.D., 1989) (unpublished opinion). It is unnecessary to address this issue here because Mr. and Mrs. Davis' sought for amendment is being granted for another reason, discussed more fully, infra.

**2.** § 1322(b)(5) provides as follows:

"... the plan may—

"notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;"

tra, the *Hollis* case cited in Leader Federal's prehearing brief.

In *In re Bailey*, Case No. 83–20623–K (W.D.Tenn.1986) (unpublished opinion) this court essentially held, inter alia, that under appropriate circumstances chapter 13 debtors may cure postconfirmation defaults on their home mortgage payments by virtue of § 1322(b)(5) and equitable principles. In affirming the *Bailey* opinion, the Honorable Robert M. McRae, Senior United States District Judge for this Judicial District, in Civil Action No. 87–2042–4A (W.D.Tenn. 1988) (unpublished opinion attached), stated as follows at p. 6:

> " . . . This is not a modification, rather, it was an attempt to cure the post confirmation arrearages. Under 11 U.S.C. § 1322(5)(b), 'the bankruptcy court may in the exercise of its equitable discretion give the debtor time in which to bring post petition arrearages current.' *In re Parker*, 46 B.R. 106, 108 fn. 1 (Bankr. N.D.Ga.1985.)
>
> "Even if the Bankruptcy Court order was interpreted as a modification of the Chapter 13 plan, there is law to suggest that in appropriate cases, Chapter 13 debtors may modify confirmed plans in order to pay off a post confirmation arrearage over the term of the plan. See *In re Mannings*, 47 B.R. 318 (Bankr.N. D.Ill.1985)."

■ In the instant proceeding Mr. and Mrs. Davis propose to pay the full post confirmation arrearage well within the statutory term of the plan and maintain ongoing contractual payments. This is reasonable under the circumstances. In addition to paying the ongoing monthly contractual payments, Mr. and Mrs. Davis propose to pay the amount in default with a 10% interest factor, the contract rate, to compensate for Leader Federal's lost opportunity costs and give present value on the postconfirmation arrearage. *In re Colegrove*, 771 F.2d 119 (6th Cir.1985). By virtue of § 1322(c), the original plan may not exceed five years. Mr. and Mrs. Davis proposed to pay 100% to all their creditors.

There is a *large* equity cushion in the Davis home. The Standing Chapter 13 Trustee will serve as the disbursing agent under the amended plan. The plan payments will be through an employer deduction. § 1325(c). Leader Federal's ongoing contractual monthly payment, interest rate, maturity date, etc. are not sought to be modified. Mr. and Mrs. Davis, as stated, only propose to cure an economic default. § 1322(b)(5). Their request is not unreasonable or inequitable under a totality of the particular facts and circumstances. The Standing Chapter 13 Trustee supports the position of Mr. and Mrs. Davis under these circumstances.

Mr. and Mrs. Davis have not filed any prior bankruptcy cases. They seem very worthy of an opportunity to save their home from foreclosure and pay *all* their creditors in full. Leader Federal will be compensated for its lost opportunity costs arising out of the postconfirmation default. Sufficient good cause exists under a totality of all the facts and circumstances and applicable law to grant the instant motion seeking to cure the postconfirmation defaults.[3]

■ § 1322(b)(5) is not specifically limited to prepetition defaults. In fact, § 1322(b)(5) provides for the curing of "any defaults". A postconfirmation curing under § 1322(b)(5) does not, ipso facto, constitute an impermissible modification of Leader Federal's rights in contravention of § 1322(b)(2). As noted, the terms of the subject deed of trust regarding the contractual interest rate, future monthly installment payments, maturity date, etc. remain unchanged. The rehabilitative purpose of chapter 13 should not be ignored. The proposed amended plan pursuant to § 1329 of Mr. and Mrs. Davis seeking to cure the postconfirmation economic default complies with the provisions of §§ 1322 and 1325 and thereby fosters the rehabilitative goals of chapter 13 by allowing debtors in appropriate cases to save their homes from foreclosures due to changed circumstances and concomitantly satisfies and protects credi-

---

**3.** This court will closely and carefully scrutinize all requests of this nature to assure that Leader Federal and others similarly situated are not abused or otherwise mistreated.

tors' interests under court supervised original and amended plans. The instant request of Mr. and Mrs. Davis to cure a default is not tantamount to an impermissible modification, rather, as Judge McRae said in *In re Bailey*, supra, it is an attempt to cure the postconfirmation default in accordance with § 1322(b)(5). Mr. and Mrs. Davis merely need some time to bring their postconfirmation arrearages current while maintaining ongoing payment.

Agreeing with, among others, *In re McCollum*, supra, and *In re Bailey*, supra, an appropriate order shall be prepared by the attorney for Mr. and Mrs. Davis approving their amended plan.