In the Matter of Richard Wayne CAW, Debtor.

In the Matter of Theresa Ann HALL, Debtor.

Richard Wayne CAW, Plaintiff,

v.

Everett SEWARD d/b/a Southtown Furniture & Auction, Defendant.

Richard Wayne CAW, Plaintiff,

v.

Maude RITCHIE, Defendant.

Theresa Ann HALL, Plaintiff,

v.

Everett SEWARD d/b/a Southtown Furniture & Auction, Defendant.

Theresa Ann HALL, Plaintiff,

v.

Maude RITCHIE, Defendant.

Bankruptcy Nos. 81–01480–SJ, 81–01481–SJ.

Adv. Nos. 81–0942–SJ to 81–0945–SJ.

United States Bankruptcy Court, W. D. Missouri, St. Joseph Division.

Dec. 2, 1981.

Candace Barnes, St. Joseph, Mo., for plaintiffs.

Robert Colley, St. Joseph, Mo., for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT AWARDING PLAINTIFFS THEIR COSTS AND REASONABLE ATTORNEYS' FEES

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiffs brought this action to compel the return from defendants of certain personal property which was seized by the defendants in conjunction with their repossession of a dwelling house and a vehicle after the commencement of these chapter 7 proceedings.

The initial hearing of the matter was conducted by the court on August 20, 1981, in Kansas City, Missouri. As a result of that hearing, the defendants agreed to return all of the personal property which had been seized by them. A quantity of personal property was thereafter in fact returned to the plaintiffs.

The plaintiffs, however, contended that all the personal property which was in the repossessed house and vehicle was not returned to them. They specified that the following articles were not returned to them:

"Items from the house:

100' black extension cord Wall telephone belonging to the Southwestern Bell Telephone Company

"Items from the truck:

7¼" circular saw

48 piece standard socket set

⅜" variable speed drill

One set of nut drivers

One pair of wire strippers

One 4" level

Miscellaneous screw drivers.

"Items from the car:

One straight tire tool

One 4-way tire tool"

On the basis of those allegations, the plaintiffs demanded that the court convene an adjourned hearing. The court therefore conducted its hearing on the issues thus made on November 20, 1981, in St. Joseph, Missouri. The defendants then testified that they had in fact returned all the personal property which in fact they had found in the repossessed house and vehicle and that they had withheld nothing. The plaintiffs, on the other hand, state that they had seen the missing personal property in the house and vehicle, respectively, as late as the afternoon on the date of repossession,

although they confess to having made no inventory at that time or any earlier time. The defendants, however, testify that they made a written inventory of the articles taken in the repossession at or near the time of repossession. That written inventory has been adduced in evidence and it does not include the articles now contended to be missing.[1] The plaintiff Theresa Hall also states that her wedding gown was unsoiled before the time of repossession and the evidence shows that it is now so soiled that it can only fairly be described as ruined and wholly unfit for its intended purpose. The defendant Maude Ritchie testified that she saw the gown wadded up and stuffed between a towel rack in the bathroom and the adjoining wall; that, without unfurling the gown, she simply put it in a box; that she left it there without ever unfurling it until she returned it to the plaintiff; and that she knows of nothing which she did which would have resulted in any soiling of the gown.

On the basis of such conflicting evidence, when there is no certain way of verifying whether the missing articles were in fact repossessed, the court must make its determination on the basis of comparative credibility of the adverse parties. In so doing, it must be guided by a cardinal principle of evidence that a contemporaneously recorded written memorandum of a past event is generally to be accorded more credit than a present remembrance of the same event. For, it is said, the contemporaneous record is not subject, as is the present remembrance, to the process of forgetting.[2] This inveterate and untarnished principle must be regarded as the controlling one in this case, in which the testimony of neither the plaintiffs nor defendants has been the subject of any telling impeachment. Accordingly, the court must regard the inventory made by the defendants as true and correct and find that the defendants are not responsible for the loss of any of the missing articles.

With respect to the soiling of the wedding gown, the court cannot find, on the basis of the divided evidence before it, that extra probative value would enable it to conclude that there is a preponderance of evidence favoring the plaintiffs. As noted above, the plaintiff Hall has simply testified that the gown was unsoiled the last time she saw it on the date of the repossession in a house which she left untended. Ms. Ritchie, on the other hand, testifies that she found the gown in a wadded-up state and safekept it in that condition without doing anything which would have soiled it. On this record, while the court must deeply regret the ruination of an article with all the meaning and symbolism which is normally accorded a wedding gown by its owner, it cannot be found that the defendants were responsible for the unfortunate condition in which the gown was returned to Ms. Hall. Nor can it find that, without the unlawful repossession, the soiling would not have happened. For neither is there a preponderance of the evidence showing that the soiling actually took place while the gown was in the possession of the defendants or their agents.

The evidence does show, however, that the repossession was unlawful and in violation of the automatic stay.[3] The remedy for such a violation should include all awards necessary to restore the offended party to the *status quo*. See *In re Brooks*, 12 B.R. 283 (Bkrtcy.W.D.Mo.1981), and cases and authorities therein cited. This

---

1. The inventory thus adduced can be regarded as admissible in evidence as a species of "recorded recollection" within the meaning of Rule 803(5) of the Federal Rules of Evidence.

2. "The guarantee of trustworthiness is found in the reliability wherent in a record made while events were still fresh in mind and accurately reflecting them." Advisory Committee's Note to Rule 803(5) of the Federal Rules of Evidence.

3. In so finding, the court is mindful that the defendants testified that they had no knowledge of the commencement of bankruptcy proceedings when the repossession was initially made. But, at the same time, they recognized that they had no claim on the personal articles in the house and vehicle. And then should have been promptly returned when bankruptcy was learned of, without forcing the court to conduct a hearing before doing so.

includes an award "of compensatory damages, costs and attorney's fees based on the facts of the case." *Id.* at 285. In this case, compensation under the above and foregoing facts has basically been afforded by return of the property which was incorrectly and unlawfully seized in violation of the automatic stay.[4] But the plaintiffs, who, without the unlawful repossession would not have been required to file and prosecute this action, should have their reasonable costs and attorney's fees of so doing up to, but not including, the filing of the motion for the adjourned hearing. It is therefore, accordingly

ORDERED AND ADJUDGED that the plaintiffs be, and they are hereby, awarded of and from the defendants their reasonable costs and attorney's fees as described above. It is therefore accordingly

ORDERED that, within 10 days of the date of entry of this order, the plaintiffs file a written bill of costs and a written detailed statement of the attorney's fees incurred so that the court may make a determination of their reasonableness.

---

4. Punitive damages have been requested by the plaintiffs, but they "should not be awarded in a case where the amount of compensatory damages is adequate to punish the defendant." 22 Am.Jur.2d *Damages* § 264, p. 359. See also *Matter of Kratzer*, 9 B.R. 235, 239 (W.D.Mo. Bkrtcy.1981), and cases and authorities there cited.