**In the Matter of George Frederick SHIELDS, Joyce Virginia Shields, Debtors.**

**Bankruptcy No. 1–81–02948.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 27, 1982.

George P. Leicht, Bethel, Ohio, for debtors.

Robert S. Rubin, Cincinnati, Ohio, for Arling Lumber Co.

## ORDER ON OBJECTION OF ARLING LUMBER COMPANY

BURTON PERLMAN, Bankruptcy Judge.

In this Chapter 7 bankruptcy case, debtors filed Application to Avoid Fixing of a Lien. What is in question is a judicial lien on the residence of debtors.

Within the time prescribed for the filing of objections to the application of debtors, Arling Lumber Company ("creditor") objected to the avoidance of the lien. The matter came on for hearing. While the application filed by debtors and the objection filed by the creditor presented an issue as to valuation of the real property in question, at the hearing it was agreed that the matter should be resolved on quite a different issue.

The real estate in question is registered land which was unknown to counsel for debtors at the time they filed their application to avoid the lien. In fact, when initially recorded, creditor's lien did not extend to debtors' real estate because it was registered land. In June, 1982, upon the application of debtors, the trustee abandoned the real estate. Creditor thereupon in July, 1982 re-recorded its lien in such fashion that it now did extend to this real estate notwithstanding the fact that it is registered land.

It is the position of creditor that because of the abandonment, which took the real estate out of the bankruptcy, it was within its rights in perfecting its judicial lien by recording, notwithstanding that this act took place subsequent to the filing of bankruptcy. Debtors, on the other hand, argue that this action by creditor was in violation

of 11 U.S.C. § 362(a)(5) and therefore cannot be allowed to stand. We must find on this issue in favor of debtors and overrule the objection to avoidance of creditor's lien.

The pertinent provision in the statute regarding automatic stays, Sec. 362, provides that the filing of a petition such as that filed in this bankruptcy case "operates as a stay applicable to all entities, of—":

"(5) any act to create, perfect, or enforce against *property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;"

It is the underlined words which compel a rejection of the position of the creditor. Property of *debtor* is not the same thing as property of the estate, a category dealt with in Sec. 541 of the Bankruptcy Code. When attention is paid to Sec. 554 of the Code, that which provides for abandonment of property, it is clear from the express language of the section, that an abandonment serves to take property out of the estate. It may then revert to, and become property of the debtor, which is a fair characterization of what happened here.

Looking again, then, to the plain language of the statute at Sec. 362(a)(5), it is clear that the action by creditor of recording its lien after the filing of the bankruptcy petition against the abandoned real estate of debtors was an act in violation of the Code. *Accord, See: In Re Bennett,* 13 B.R. 643 (Bkrtcy., W.D.Mich, 1981); *In Re Motley,* 10 B.R. 141 (Bkrtcy., M.D.Ga., 1981). Where that is the case, the action cannot be allowed to stand. *In Re Young,* 14 B.R. 809, 811 (Bkrtcy., N.D.Ill., 1981): 2 *Collier on Bankruptcy* § 362.11, at p. 362–58.

Creditor's objection to avoidance of lien must be overruled and the lien is discharged.

SO ORDERED.