**In re Bruce Kent MASON, Debtor,**

**Bruce Kent MASON,
Plaintiff-Appellant,**

v.

**Mack R. WILLIAMS,
Defendant-Appellee.**

**Bankruptcy No. 381–04180.
Adv. No. 84–0284.**

United States District Court,
D. Oregon.

April 2, 1985.

Eugene I. Fulop, Kent V. Snyder, Robert J. Altman, Snyder & Altman, Portland, Or., for debtor-plaintiff-appellant Mason.

Mark A. Gordon, Opton & Galton, Portland Or., for defendant-appellee Williams.

## ORDER

FRYE, District Judge:

Appellant/debtor/plaintiff, Bruce Mason, filed a petition for relief under Chapter 13 [1] of the Bankruptcy Code in December, 1981, along with his proposed plan. On February 9, 1982, the court entered an order confirming the plan. After confirmation of the plan, the debtor became indebted to the creditor/defendant/appellee, Mack R. Williams. On September 27, 1983, the creditor obtained a judgment against the debtor in the amount of the unpaid debt and sometime thereafter caused the debtor's wages to be garnished in an effort to collect the debt.

The debtor contends that the creditor's actions violated the automatic stay of 11 U.S.C. § 362(a) and filed this action asking the bankruptcy court to set aside the state court judgment and require the creditor to return the garnished funds.

The bankruptcy court, 45 B.R. 498, found that the creditor's acts did not violate the automatic stay and dismissed the debtor's petition with prejudice. The court found that the automatic stay provision of 11 U.S.C. § 362(a) prohibits acts which fall into two categories:

1. Acts against debtors which were or could have been commenced before the commencement of the bankruptcy.

2. Acts to obtain possession of *property of the estate* regardless of whether it could have been commenced before the filing.

Because the creditor's claim arose after the petition in bankruptcy had been filed, the bankruptcy court reasoned that in order for the automatic stay to apply to prohibit this creditor's conduct, the creditor must have committed an act to obtain possession of the *property of the estate.*

The bankruptcy court found that both Chapter 11 and Chapter 13 contemplate that a debtor remain in possession of all property of the estate between the time of the filing of the petition for relief and the order of confirmation, but that title to such property remains in the estate, subject to the control of the court. The bankruptcy court further found that upon confirmation, a debtor not only has the right to possession of the property, but is vested with title to the property of the estate in accordance with 11 U.S.C. § 1327, which provides in relevant part:

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

Paragraph 6 of this debtor's confirmed plan provides:

Except as otherwise provided in this Plan or in the order Confirming the Plan, upon confirmation of this Plan all of the property of the estate shall vest in the debtor(s) free and clear of any claim or interest of any creditor provided for by this Plan pursuant to 11 U.S.C. § 1327.

Because nothing in this debtor's plan provided otherwise, the court concluded that title to the property at issue in this action no longer belonged to the "estate," but was vested in the debtor, free and clear of the claims of the pre-confirmation creditors. As a result, the court concluded that the automatic stay provisions did not apply.

## ISSUE PRESENTED

Did the bankruptcy judge err in ruling that the wages earned by the debtor after confirmation of the Chapter 13 plan were not part of the "estate" because there was no estate in existence after confirmation of the plan and that therefore the creditor did not violate the automatic stay of 11 U.S.C. § 362(a) by garnishing the debtor's wages of post-petition income to pay creditors in part or in full.

**1.** Under a Chapter 13 proceeding the debtor does not surrender but contemplates utilization

**550**

on account of a claim which arose after filing the Chapter 13 petition?

## DEBTOR'S POSITION

The debtor contends that the estate does not terminate upon confirmation of the Chapter 13 plan. Debtor relies upon 11 U.S.C. § 1306 which provides in relevant part:

(a) Property of the estate includes ...

. . . . .

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7 or 11 of this title, whichever occurs first.

The debtor contends that the law requires the debtor to submit future earnings to the supervision of the court to the extent they are necessary to the execution of the plan. Therefore, the debtor contends that the court has the authority and the obligation to protect the debtor's income to the extent necessary to allow the debtor to carry out the plan and that seizure of wages by post-petition creditors may adversely affect the debtor's ability to carry out the plan. The debtor contends that the *estate* continues and the stay applies.

## CONCLUSION

■ While 11 U.S.C. § 1306, relied upon by the debtor, and 11 U.S.C. § 1327, relied upon by the bankruptcy court, may result in some conflict, that conflict can be resolved by concluding that the debtor's wages go into the estate pursuant to 11 U.S.C. § 1306 as long as the estate exists or until the case is "closed, dismissed or converted." But in accordance with 11 U.S.C. § 1327, the estate may cease to exist prior to the case being "closed, dismissed or converted" when the plan so provides and the plan is confirmed.

■ There is no dispute that this plan so provided and the plan was confirmed. As a result the bankruptcy court properly concluded that the estate did not exist and the stay could not apply. The cases cited by

the debtor are not inconsistent with this result. In several of the cases, the plan which was confirmed provided otherwise so the provisions of 11 U.S.C. § 1327 did not vest ownership in the debtor and "destroy" the estate. In others the issue was simply not presented in this way.

■ The debtor is correct in stating that the court must protect a debtor's ability to carry out the provisions of the plan from post-confirmation creditors, but the court's power to accomplish this appears vested in the provision of the plan that states, "the debtor shall incur no further credit obligations during the life of the plan, except emergency medical expenses, without the permission of the trustee." This debtor failed to obtain the permission of the trustee and created the problem before the court. The creditor dealt with this debtor as if the bankruptcy did not exist, through no fault of its own. In fact, the bankruptcy judge specifically found that "there is no indication that the creditor knew of the bankruptcy at the time the debt was incurred." The result reached by the bankruptcy judge appears proper under the statutes and cases.

IT IS HEREBY ORDERED that the opinion of the bankruptcy judge is hereby AFFIRMED.