**In re Jeremy OSEI, Debtor.**

**Bankruptcy No. 86 B 8219.**

United States Bankruptcy Court, N.D. Illinois, E.D.

June 6, 1988.

Craig Phelps, Chapter 13 Standing Trustee, Chicago, Ill.

Martin Y. Joseph, Chicago, Ill., for debtor.

Stanley Papuga, Kropik, Papuga & Shaw, Chicago, Ill., for First Nat. Bank of Chicago.

Mark R. Rosenbaum, Chicago, Ill., for Bd. of Comm. Granville Tower Condominium Assoc.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

This matter comes before the Court on the Debtor's motion to amend this Court's order of April 7, 1988 which modified the automatic stay for all purposes as to creditors, Granville Tower Condominium Association ("the Association") and the First National Bank of Chicago.

The facts are undisputed. On May 27, 1986, the Debtor filed his chapter 13 petition. The plan was confirmed on July 3, 1986. Paragraph six of the plan states that "[p]roperty of the Debtor shall revest in the Debtor upon confirmation of this plan." The debtor is to make plan payments of $700 per month for a period of 48 months. On April 2, 1987, the Debtor was ordered to pay his current monthly condominium assessments directly to the Association starting with the April, 1987 payment. The Debtor failed to make all such post-petition payments and the Association again moved to modify the automatic stay. On April 7, 1988 the Court entered the order modifying the automatic stay which the Debtor now seeks to amend.

Section 1306(a)(2) provides that all post-petition earnings from services performed by the Debtor are property of the estate until the case is closed, dismissed or converted. Section 1327(b) provides that unless otherwise stated in the plan, all property of the estate becomes vested in the Debtor upon confirmation of the plan. These two sections of chapter 13 produce an apparent conflict as to whether the automatic stay, which applies to "property of the estate" under § 362(a), prohibits collection of a post-petition debt after confirmation and, if so, whether it should be lifted.

*In re Mason,* 51 B.R. 548 (D.Or.1985) held that the Debtor's wages, earned after the plan had been confirmed, were not property of the estate and allowed a post-petition creditor to pursue those funds in satisfaction of a post-petition judgment. There, the Court followed the language of § 1327(b) and held that the estate terminated upon confirmation prior to the case being closed, dismissed or converted.

On the other hand, *In re Root,* 61 B.R. 984 (Bankr.D.Col.1986), held that in so far as post-confirmation earnings were necessary to make the plan payments, such earnings were considered property of the estate. The estate remained intact after confirmation and the post-petition creditor was prohibited from pursuing the post-confirmation earnings pursuant to the automatic stay of § 362. The Court's concern was that a post-petition creditor could scuttle successful completion of the plan by preventing the Debtor from using post-confirmation earnings to make the plan payments. The result would be detrimental to both the Debtor and the pre-petition creditors.

A middle ground was adopted in *In re Clarke,* 71 B.R. 747 (Bankr.E.D.Pa.1987). There, the Court agreed with the reasoning of *Root.* Nevertheless, the equities of the case led the Court to protect the post-petition creditor. "We believe that [the post-petition creditor] should have a relatively slight burden to overcome to obtain relief from the automatic stay prospectively. Otherwise ... a post-petition creditor ... would be unfairly frozen in place until the Debtor, in a leisurely fashion, completes his

**912**

Plan payments and is discharged." 71 B.R. at 750.

We are inclined to agree with the reasoning of the *Mason* case. Nevertheless, the pragmatic approach used by the Court in *Clarke* is appealing and will be adopted to the extent that it balances the equities to determine application of the automatic stay. Since the stay has already been lifted with respect to possession of the condominium, the Debtor will not be harmed if the Association chooses to pursue the unit in satisfaction of its post-petition debt. In addition, the Debtor's two largest debts, the first and second mortgages on the condominium, are likely to be satisfied by sale of the condominium. The Debtor's plan payments will decrease commensurate with satisfaction of those debts. The Association's attempt to collect the post-petition dues from assets (such as earnings) other than the condominium unit, should not unduly interfere with the plan payments. Accordingly, the stay will be lifted allowing the Association to pursue collection efforts for the post-April 1, 1987 assessments.

An Order consistent with the foregoing shall be entered.