In re Wanda Rivera **RODRIGUEZ, Debtor.**

**Wanda Rivera RODRIGUEZ and Evangelina Rodriguez, Plaintiffs,**

v.

**AVCO FINANCIAL SERVICES, INC., Defendant.**

**Bankruptcy No. B–87–02911(ESL). Adv. No. 88–0037.**

United States Bankruptcy Court, D. Puerto Rico.

Nov. 30, 1988.

Alberto Lozada Colon, Mayaguez, P.R., for plaintiffs.

Rafael Sanchez Hernandez, Santurce, P.R., for defendant.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Bankruptcy Judge.

The matter pending before the Court is whether the creditor AVCO Financial Services, Inc. ("AVCO") violated the automatic stay provisions of 11 U.S.C. § 362(a).

On March 7, 1988 the debtor filed a complaint to recover damages for a violation of the automatic stay. The debtor alleges that due to the harassment by AVCO's employees, she was forced into refinancing a loan after filing a bankruptcy petition. The defendant alleges that at the time the loan was refinanced, it did not have knowledge of the bankruptcy proceedings.

On July 18, 1988 a trial was held. The defendant presented a motion for non-suit. The Court granted said motion pursuant to the Bankruptcy Rule 7041(b) as to co-plaintiff Evangelina Rodríguez and denied the motion as to the debtor Wanda I. Rivera Rodríguez, since sufficient evidence was presented to establish a violation of the automatic stay by the defendant.

AVCO alleges that the loan was refinanced upon debtor's request. Ms. Gutièrrez, AVCO's employee, testified that she has known the debtor as a client for approximately seven (7) years and alleged that the loan was refinanced under the name of the debtor's mother upon the request of the debtor, since she could not make the payments due to problems with the Social Security checks. Ms. Gutièrrez indicated that she had no knowledge of the debtor's bankruptcy petition until one month after the loan was refinanced. The witness indicated that a refinancing of a debt that is in arrears is a normal procedure of the defendant.

Based upon the evidence submitted by the parties and pursuant to the provisions of the Bankruptcy Rule 7052, this Court now enters the following findings of fact and conclusions of law.

### Findings of Fact

1. On December 14, 1987 the debtor Wanda Ivelisse Rivera Rodríguez filed for relief under Chapter 13.

2. The parties stipulated that AVCO appears included in the debtor's schedules as an unsecured creditor with a claim of $2,056.00.

3. As of July 18, 1988 creditor AVCO had not filed a proof of claim.

4. On December 23, 1987 the debtor and her mother Evangelina Rodríguez Rivera refinanced a loan that the debtor had with AVCO. The evidence shows that the prepetition balance of the original loan was $1,464.59 and that it was refinanced postpetition for the amount of $1,499.94. The amount of $35.35 was given to the debtor after the transaction was completed.

5. The debtor testified that, notwithstanding the fact that she notified the defendant of the filing of the bankruptcy petition, the defendant did continue the collection attempts. The debtor in her testimony indicated that she was visited by Noemí Diaz, an employee of the defendant, to collect payments of the prepetition debt. The debtor showed to Ms. Diaz documents evidencing the filing of the bankruptcy petition and the date of the filing. However, on December 23, 1987 the debtor was visited by Gloria Gutièrrez, manager of AVCO, Añasco Branch. The purpose of her visit was to persuade the debtor to refinance the loan under the name of the debtor's mother to cure the arrears of the prepetition debt. Ms. Gutièrrez succeeded and on that same

date the refinance papers were drawn and signed by the debtor and her mother.

6. Debtor's mother receives Social Security benefits for mental disability. Debtor is responsible for her mother's welfare.

7. The Court gives credibility to debtor's testimony to the effect that she notified AVCO that she was in bankruptcy and that AVCO should contact her lawyer.

## Conclusions of Law

Section 362(a)(1) of the Bankruptcy Code provides for a stay, applicable to all entities, of the commencement or the continuation of any proceeding against the debtor that was or could have been commenced prior to bankruptcy, or to recover a claim against the debtor that arose pre-petition. Section 362(a)(6) stays any collection action of a prepetition claim against the debtor.

Section 362(h) of the Bankruptcy Code provides that:

"An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances may recover punitive damages."

██ It is well settled that the automatic stay is operative upon the filing of the petition and does not require a formal service of process or notice to the creditors. Thus, actual notice is sufficient to creditors. *See, Matter of Sierra,* 73 B.R. 322 (Bankr.D.P.R.1987); *Richard v. City of Chicago,* 80 B.R. 451, 543 (N.D.Ill.1987).

██ The legislative intent of Section 362 is to give the debtors a breathing spell from his creditors in order to be able to rehabilitate themselves financially. The automatic stay, as provided in Section 362, stops all the collection efforts, all harassment and foreclosure actions. *See,* H.R. 95–595, 95th Cong., 1st Sess. 340 (1977), 1978 U.S.Code Cong. & Admin.News, 5787, 6296–6297, reprinted in Bkr–L Ed, Legislative History Section 82:16 at page 350. The protection of the automatic stay continues until debtor's discharge is granted, the case is either closed or dismissed, or the stay is otherwise modified by the court.

*See, In re Stucka,* 77 B.R. 777, 782 (Bankr. C.D.Cal.1987); *Richard v. City of Chicago,* 80 B.R. 451.

Moreover, the legislative history of Section 362(a)(6) prevents creditors from attempting in any way to collect a prepetition debt. Congress has stated that:

"Creditors in consumer cases occasionally telephone debtors to encourage repayment in spite of bankruptcy. Inexperienced, frightened, or ill-counseled debtors may succumb to suggestions to repay notwithstanding their bankruptcy." H.R. 95–595, 95th Cong., 1st Sess. 342 (1977), 1978 U.S.Code Cong. & Admin. News, 5787, 6298, reprinted in Bkr–L Ed, Legislative History § 82:16 at page 352.

██ Upon debtor's testimony, the Court finds that due notice was given to AVCO and that AVCO chose to ignore said notice. The evidence further shows that AVCO continued its collection attempts against the debtor after bankruptcy and, further insisted on refinancing the debt under the name of the debtor's disabled mother. We further find that AVCO incurred in a clear and willful violation of the automatic stay with sufficient knowledge that the debtor had filed bankruptcy.

## Conclusion

In view of the foregoing, we conclude that the defendant AVCO has willfully violated the automatic stay, and that debtor is entitled to damages and attorney's fees under 11 U.S.C. § 362(h).

Accordingly, it is now

ORDERED that actual damages in the amount of one thousand five hundred dollars ($1,500.00) be awarded to the debtor-plaintiff pursuant to the provisions of 11 U.S.C. § 362(h). Costs and attorney's fees in the amount of $500.00 are imposed on the defendant.

The Clerk shall enter Judgment accordingly.

SO ORDERED.