**In re Lee D. WELCH and Caren R. Welch, Debtors.**

No. 03–70257.

United States Bankruptcy Court, C.D. Illinois.

July 1, 2003.

Lars Eric Ostling, Bloomington, IL, for debtor.

## OPINION

LARRY LESSEN, Bankruptcy Judge.

The issue before the Court is whether the creditor committed a willful violation of the automatic stay which would subject it to sanctions pursuant to 11 U.S.C. § 362(h).

The Debtors, Lee and Caren Welch, filed a petition pursuant to Chapter 13 of the Bankruptcy Code on January 21, 2003. American General Finance was listed on Schedule F—Creditors Holding Unsecured Nonpriority Claims as having claims of $1,020 and $3,880. American General was included on the Debtors' matrix, and notice of the bankruptcy filing and meeting of creditors was sent to American General at 1205 S. 8th St., Mattoon, Illinois 61938. American General filed two proofs of claim in this proceeding on January 31, 2003.

At the time of the bankruptcy filing, a small claims complaint filed by American General was pending in Coles County Circuit Court. The Complaint was filed on

December 12, 2002. When the Debtors failed to appear at the first appearance scheduled on February 13, 2003, a default judgment was entered in favor of American General in the amount of $4,984.14 plus court costs. On February 25, 2003, American General proceeded with a wage garnishment.

On March 7, 2003, American General received a phone call from the Debtors advising it of their bankruptcy filing. American General forwarded this information to its attorneys, and the attorneys confirmed the bankruptcy filing by checking the PACER system. On March 10, 2003, the next business day after March 7, the attorneys for American General faxed a letter to the Debtor's employer requesting that the wage garnishment be stopped immediately.

American General explained the mix-up in proceeding with the small claims action after being notified of the bankruptcy filing as a result of a change of management at American General. The Debtors stated that the garnishment of their wages caused them to have difficulty with their power bill.

The Debtors allege a violation of the automatic stay and seek damages pursuant to 11 U.S.C. § 362(h), which provides as follows:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

■ A violation is willful when a creditor acts intentionally with knowledge of the stay, or, more generally, the bankruptcy. *In re Betts*, 165 B.R. 233 (Bankr. N.D.Ill.1994); *Mercer v. D.E.F., Inc.*, 48 B.R. 562 (Bankr.D.Minn.1985). Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the stay. *In re*

*Wagner*, 74 B.R. 898, 904 (Bankr.E.D.Pa. 1987). A specific intent to violate the stay is not required; it is sufficient that the creditor knows of the bankruptcy and engages in conduct that is a violation of the stay. *In re Littke*, 105 B.R. 905, 910 (Bankr.N.D.Ind.1989). However, a court will not impose sanctions under § 362(h) when there has been a mere technical violation of the stay or where the creditor has acted in good faith. *In re Zunich*, 88 B.R. 721 (Bankr.W.D.Pa.1988).

■ In this case, the bankruptcy petition was filed on January 21, 2003, and the notice to creditors was mailed on January 22, 2003. It is clear that American General received notice of the bankruptcy because it filed two claims on January 31, 2003. Notwithstanding its knowledge of the bankruptcy, American General took a default judgment against the Debtors and proceeded to garnish their wages. Thus, there has been a willful violation of the automatic stay.

■ The Debtors seek actual damages of $214 for the withheld wages. These funds have already been returned to the Debtors. The Debtors also asserted that the garnishment rendered them unable to pay their electric bill. However, there was no evidence of any late fees or interest charges associated with the delay in paying the power bill. Moreover, the Seventh Circuit does not permit recovery for purely emotional injuries under 11 U.S.C. § 362(h). *Aiello v. Providian Financial Corp.*, 239 F.3d 876 (7th Cir.2001). Under these circumstances, there is no basis for an award of actual damages other than costs and attorney's fees.

■ The Debtors also seek punitive damages. This Court explained the purpose of punitive damages in *In re Shade*, 261 B.R. 213 (Bankr.C.D.Ill.2001):

> The primary purpose of punitive damages awarded for a willful violation of the automatic stay is to cause a change

in the creditor's behavior; the prospect of such change is relevant to the amount of punitive damages to be awarded. *In re Riddick,* 231 B.R. 265, 269 (Bankr. N.D.Ohio 1999). *See also In re Novak,* 223 B.R. 363 (Bankr.M.D.Fla.1997) (bankruptcy court gauges punitive award based on gravity of creditor's offense, and sets award at level sufficient to ensure that it will punish and deter). Factors to be considered for an award of punitive damages for a willful violation of the automatic stay include the following: the nature of the creditor's conduct, the nature and extent of harm to the debtor, the creditor's ability to pay damages, the level of sophistication of the creditor, the creditor's motives, and any provocation by the debtor. *In re Flack,* 239 B.R. 155, 163 (Bankr.S.D.Ohio 1999); *In re Klein,* 226 B.R. 542, 545 (Bankr. D.N.J.1998); *In re Wills,* 226 B.R. 369, 376 *n. 8* (Bankr.E.D.Va.1998).

*Id.* at 216.

It is worth noting that *Shade,* like the instant case, also involved a violation of the automatic stay by American General. In *Shade,* the American General employee harassed the Debtor and demanded payment of American General's debt in the hallway outside the courtroom after the meeting of creditors. When American General failed to respond to the motion for sanctions or appear at the hearing, the Court assessed punitive damages of $9,000 against American General. In arriving at this figure, the Court noted the size and sophistication of American General, the egregious nature of the stay violation, and American General's lack of response to the motion for sanctions. *Id.* at 216.

█ The facts in this case are not as offensive as the facts in *Shade.* American General's violation of the stay appears to be due more to an administrative oversight than to any malice. American General also took quick action to terminate the garnishment and return the garnished wages to the Debtors. Nevertheless, American General did willfully violate the stay, and, as a repeat offender, punitive damages are warranted. The Court finds that punitive damages in the amount of $500 are appropriate based on the facts in this case.

█ The Court further finds that American General's willful violation of the stay forced the Debtors to contact their attorney in order to enforce their rights. The attorney filed the motion for sanctions and appeared at a hearing on the matter. Under these circumstances, an award of $250 for attorney's fees is appropriate.

For the foregoing reasons, the Court finds that American General Finance, Inc. willfully violated the automatic stay and that punitive damages of $500 and attorney's fees of $250 are assessed against American General Finance, Inc.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.